**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KENT BOURBON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-1477-RHH |
| | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commission of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the court on Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b). ECF No. 18. On February 25, 2025, this Court entered a final judgment reversing and remanding this case to the Commissioner of Social Security for further action pursuant to sentence four of 42 U.S.C. § 405(g). ECF No. 14. On May 19, 2025, this Court awarded Plaintiff attorney's fees in the amount of $6,407.80 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 17. Following the remand by this Court, the Social Security Administration entered a fully favorable decision and awarded Plaintiff $102.652.00 in past due benefits. ECF Nos. 18-3 & 18-4.

Plaintiff's attorney, Kelsey Young, now seeks attorney's fees in the amount of $25,663.00 under 42 U.S.C. § 406(b). Before Plaintiff's case was filed in this Court, Plaintiff signed a fee agreement in which he stated, "I agree that should I receive my benefits from the Administration after winning a remand or reversal from the United States District Court my attorney is entitled to 25% of my back pay for work performed in front of the United States District Court." ECF No. 18-5. The Social Security Administration withheld $25,663.00 from

Plaintiff's past-due benefits to pay his representative. ECF No. 18-4. Defendant filed a response stating that it neither supports nor opposes counsel's request for attorney's fees. ECF No. 19.

> Under 42 U.S.C. § 406(b)(1)(A),
>
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

The Supreme Court has held that "§ 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002). "[T]he attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* The court should examine the contingent-fee agreement, test the agreement for reasonableness, and then (if necessary), reduce the fee award based on the character of the representation and the results the representation achieved. *Id.* at 808. The Eighth Circuit has considered the following factors relevant to the district court's reasonableness inquiry: "the hourly rate,...the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel." *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (citing *Gisbrecht*, 535 U.S. at 807-08).

As Plaintiff's attorney acknowledges, where fees have been awarded under both the EAJA and § 406(b), the plaintiff's attorney must refund to the plaintiff the amount of the smaller fee. *Gisbrecht*, 535 U.S. at 796. *See also* ECF No. 18-1, at 12.

In support of Plaintiff's counsel's request for a fee award of $25,663.00, Plaintiff's counsel has submitted a copy of the contingent fee agreement signed by Plaintiff, a copy of the award of benefits letter sent to Plaintiff by the Social Security Administration, and an itemized description of the 25.5 hours Plaintiff's counsel spent before this Court on this case. The request for fees is in accordance with Plaintiff's counsel's written contract with Plaintiff and is in compliance with § 406(b)(1)(A) because it does not exceed 25% of the total of the past-due benefits awarded. Additionally, after conducting an "independent check" in light of the factors set forth above, the Court finds that the fee agreement yields a reasonable result in this case.

The Supreme Court has noted that contingency fee agreements for the statutory maximum of 25% "are the most common fee arrangement between attorneys and Social Security claimants," *Gisbrecht*, 535 U.S. at 800, and nothing suggests that that this common arrangement was unreasonable in this case. Plaintiff's counsel competently represented Plaintiff and achieved a very successful result for him, and it does not appear that counsel was responsible for delay. Additionally, the effective hourly rate of $1,005.22 per hour is comparable to (or lower than) rates approved for § 406(b) fees awarded pursuant to contingency fee agreements in other cases within the Eighth Circuit. *See, e.g., Bunton v. O'Malley*, No. 4:20-CV-00914-AGF, 2024 WL 1636701, at *2 (E.D. Mo. Apr. 16, 2024) (collecting cases approving rates ranging from $805.08 per hour to $2,016.27 per hour). In sum, given the contingent nature of the representation, the work performed, and the results achieved in this particular case, the Court finds that the requested fee is reasonable. The Court will award the fee. Additionally, to the extent Plaintiff's counsel already received the $6,407.80 previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412, counsel shall refund the $6,407.80 to Plaintiff.

For all of the above reasons,

- 3 -

**IT IS HEREBY ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) [ECF No. 18] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant shall remit to Kelsey Young attorney's fees in the amount of $25,663.00.

Dated this 14th day of April, 2026.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE